D. H. CULLENS v. STATE.

No. A-1132.    Opinion Filed September 5, 1911.

Appeal from Greer County Court; Jarret Todd, Judge.

D. H. Cullens was convicted of violating the prohibitory law, and appeals. Dismissed.

S. B. Garrett and John Evans, Jr., for plaintiff in error.

Smith C. Matson, Asst. Atty. Gen., for defendant in error.

PER CURIAM. Plaintiff in error was convicted in the county court of Greer county upon a charge of selling intoxicating liquors, and upon the 1st day of March, 1911, was sentenced by the court to pay a fine of two hundred fifty dollars and serve forty days in the county jail. Upon

the same date the court by order fixed the time for making and serving case-made at 30 days, but made no order extending the time within which the appeal should be perfected in this court. Upon the 22nd day of March, thereafter, an additional order was made extending the time to make and serve case-made 60 days from the date of the original judgment, but no order was made extending the time within which to perfect the appeal. On the 29th day of April, thereafter, another order was made by the court extending the time within which to make and serve case-made, but this order does not extend the time within which the appeal should be perfected in this court. Under sec. 6948, Snyder's Stat. 1909, an appeal must be perfected in this court within 60 days from the date the judgment was pronounced, but, for good cause shown, the court may extend the time for perfecting the appeal not to exceed 60 days longer, making in all 120 days. It is just as essential for the court to make the order extending the time within which the appeal can be perfected, as it is for the order to be made extending the time to make and serve case-made. The statute provides 30 days for making and serving case-made when no order is made by the court. The questions involved here are determined in the case of Stumpf v. State, infra, decided at this sitting of the court. For the reasons given in that case the appeal in this case is dismissed.