## Ex parte D. H. CULLENS.

No. A-1485.   Opinion Filed July 17, 1915.

1.  **PARDONS—Powers of Governor—Lieutenant Governor Acting.** Under the constitution, article 6, section 16 (165 William's) in the absence of the Governor from the state for any purpose or for any period of time, the constitutional functions of his office devolve *pro tempore* upon the Lieutenant Governor, and a conditional pardon or parole granted by the Lieutenant Governor as acting governor, in the absence of the Governor from the state, which has been duly accepted under the conditions therein prescribed, is valid.

(Syllabus by the Court.)

Petition of D. H. Cullens for writ of *habeas corpus.* Writ allowed and petitioner discharged.

*S. B. Garrett* and *John Evans, Jr.,* for petitioner.

*Thacker & Thacker* and *H. D. Henry,* Co. Atty., for respondent.

PER CURIAM.   Petition for writ of *habeas corpus* filed on behalf of D. H. Cullens, alleges in substance that he is illegally restrained of his liberty and is unlawfully imprisoned in the county jail of Greer county by the sheriff of said county.   It further appears from said petition that petitioner was convicted of a violation of the prohibitory law in the county court of said county upon a trial before the court without a jury, and by said court was sentenced to be confined in the county jail for 45 days and to pay a fine of $250.   That he attempted to appeal from said judgment and his appeal was dismissed.   (*Cullens v. State,* 6 Okla. Cr. 620.)

That during the absence of the Governor from the state a parole was granted by the Lieutenant Governor as acting Governor.   Said parole is in part as follows:

"Whereas, it is recommended to the Governor that a parole be granted the said D. H. Cullens, by the following persons, who are citizens, county officers and business men of Mangum, Greer county, Oklahoma, where the said D. H. Cullens has resided for

the past nine years: B. L. Tisinger, mayor of Mangum; J. M. Berryman, police judge; Percy Powers, city attorney of Mangum; R. A. Smith, city clerk; B. W. Waters, T. E. Slaton, E. B. Auld, city councilmen; J. L. Lyons, city marshall; D. L. Bennett, assistant postmaster; C. W. Winburne, district clerk; M. H. Mills, deputy district clerk; E. W. Reeves, ex-jailor; N. L. Cox, ex-deputy sheriff; H. Matherson, president of Mangum First National Bank; P. A. Jainway, president of the Mangum National Bank; W. P. Ponder, president of the First State Bank; other business men to the number of about fifty; and,

"Whereas, it is made to appear to me that these persons are among the leaders of the prohibition element in Greer county.

"Now, therefore, I, J. J. McAlester, acting Governor of the state of Oklahoma, by virtue of the authority vested in me by law, do hereby grant unto the said D. H. Cullens a parole, upon the following express terms and conditions, to wit."

Which express terms and conditions petitioner duly accepted by signing the same. The Governor of the state issued an executive order revoking said parole in part as follows:

"Whereas, a revocation of the said parole upon the ground that the said J. J. McAlester was without authority has been requested by the Hon. H. D. Henry, county attorney of Greer county, and,

"Now, therefore, I, Lee Cruce, Governor of the state of Oklahoma, by virtue of the authority vested in me by law, in order that the legal question involved in this case may be determined by the courts of the state, do hereby issue this order of revocation of the parole of the said D. H. Cullins to stand in place of the revocation issued on the 18th day of October, 1911; same to take effect 30 days from the date of this instrument; and I hereby revoke, cancel and annul the parole of the said D. H. Cullens, and hereby order and direct all sheriffs and other police officers of the state of Oklahoma to apprehend the said D. H. Cullens after 30 days from this date, and to then take him into safe custody and conduct him to the sheriff of Greer county; and the said sheriff is hereby directed to receive the said D. H. Cullens and confine him for that portion of his said sentence which was unexpired at the date of the said parole issued him by J. J. McAlester, in accordance with the original judgment and sentence of the said court, a certified copy of which is hereto attached."

Upon the authority of *Ex parte Crump,* 10 Okla. Cr. 133, 135 Pac. 428, wherein the precise question presented was determined, we are of opinion that petitioner is entitled to a discharge from the imprisonment from which he complains, and he is therefore by the judgment of this court discharged therefrom.